```
FILED
FEB 27 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>Plaintiff, <br><br>v. <br><br>CORNERSTONE MANAGEMENT PROFESSIONALS, INC. (D1), <br><br>Defendant. | Case No.: 16CR2872-BTM(KSC)-01 <br><br>**ORDER DENYING DEFENDANT CORNERSTONE MANAGEMENT PROFESSIONALS, INC.'S MOTION FOR APPOINTMENT OF COUNSEL, AND, APPOINTMENT OF COUNSEL FOR DEFENDANT CORNERSTONE MANAGEMENT PROFESSIONALS, INC.** |

## I.  INTRODUCTION

This is a white collar criminal case against an individual defendant, Robert Walsh ("Walsh"), and his closely held corporation, Cornerstone Management Professionals, Inc. ("Cornerstone" or "Corporation"), on charges of four counts of wire fraud under 18 U.S.C. § 1343 [Doc. No. 1, at p. 3.] The Indictment states, *inter alia*, that defendants Walsh and Cornerstone devised a scheme to defraud a homeowner's association by making numerous materially false and fraudulent representations [Doc. No. 1, at p. 2.] The individual defendant, Walsh, has retained his own counsel, Mark Chambers [Doc. No. 17, at p. 2.] Since the date of arraignment on December 12, 2016, however, corporate defendant Cornerstone has not retained counsel.

1    A status hearing was held before Magistrate Judge Louisa S. Porter regarding the
2    arraignment on indictment as to Cornerstone. The hearing was continued to December
3    22, 2016, before Magistrate Judge Andrew G. Schopler. Due to an apparent conflict, the
4    status hearing was instead heard by Magistrate Judge Karen S. Crawford.

5    At the December 22, 2016, status hearing before Judge Crawford, Mark Chambers,
6    counsel for Walsh, made a "special" appearance on behalf of Cornerstone, and entered a
7    not guilty plea for the corporation [Doc. No. 15]. Mr. Chambers further requested that
8    this Court appoint counsel to represent Cornerstone's interests in this case [*Id.*]. The
9    Court provisionally appointed L. Marcel Stewart as counsel for Cornerstone, and ordered
10   defendant Cornerstone to submit briefing which provided authority for its request for
11   appointment of counsel, and use of public funds to pay for Cornerstone's legal fees.

12   On December 31, 2016, Cornerstone submitted its Memorandum of Points and
13   Authorities in Support of Application for Appointment of Counsel [Doc. No. 16]. The
14   United States filed a Response and Opposition to Defendant's Motion for Appointment of
15   Counsel Funded by CJA on January 13, 2017 [Doc. No. 46.]. The United States also
16   filed a Supplemental Response and Opposition to Defendant's Motion for Appointment
17   of Counsel Funded by CJA [Doc. No. 30], on February 16, 2017.

18   The Court held a hearing on January 26, 2017, to resolve two issues: (1) whether the
19   Court has the authority to appoint counsel for Cornerstone; and, (2) if the Court appoints
20   counsel for the Corporation, who is responsible for paying the appointed counsel's fees
21   and costs.

## II. DISCUSSION

### A. THE COURT HAS AUTHORITY TO APPOINT COUNSEL FOR CORNERSTONE

A defendant in a criminal case must be present at the initial appearance, the initial arraignment, the plea, every trial stage, and sentencing, with certain specified exceptions. Fed. R. Crim. P. 43(a). When the defendant is a corporation, however, it is exempt from the Rule if it is represented by counsel who is present, because a corporation is not

capable of being physically present at court proceedings. Fed. R. Crim. P. 43(b)(1). Retaining counsel for a corporation is essential, because it cannot appear *pro se* through a corporate officer. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993); *United States v. Unimex, Inc.*, 991 F.2d 546, 549 (9th Cir. 1993). Accordingly, a defendant corporation can only appear in court through licensed counsel. *Id.* In sum, "[a] judgment of conviction of a corporation after a trial where it had not appeared by counsel would therefore be invalid." *United States v. Crosby*, 24. F.R.D. 15, 16 (S.D.N.Y. 1959).

As applied to this case, defendant Cornerstone has had ample time to retain its own counsel, and failed to do so in a timely manner because it claims to be insolvent.[1] For the reasons explained above, the Court cannot allow Cornerstone to appear without counsel because it would not be considered "present" in these criminal proceedings. Courts are vested with the "inherent power" to control and "manage their own affairs so as to achieve the orderly and expeditious dispositions of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631 (1962); *United States v. Rivera*, 912 F. Supp. 634, 639 (D. Puerto Rico 1996) (court appointed counsel for three corporate defendants who refused to hire their own). In the interests of justice, when a corporate defendant does not retain counsel in a timely manner, courts have the authority to appoint counsel. *Terry v. Enomot*, 723 F. 2d 697 (9th Cir. 1984); *United States v. OHR, INC. et al*, 14cr1075-GPC (order appointing counsel and corporate representative for corporate defendant who omitted to hire counsel in timely manner).

---

[1] The Court has reviewed the Supplemental Financial Affidavit which was submitted on behalf of Cornerstone [Doc. No. 21, 21-1] on January 16, 2017. Also reviewed was the United States' Supplemental Response and Opposition to Defendant's Motion for Appointment of Counsel Funded by CJA [Doc. No. 30], filed on the February 16, 2017. Both of these filings raise serious questions about the representations made on behalf of Cornerstone regarding its' alleged financial inability to pay for counsel in this action. This Court need not, however, determine at this time whether in fact Cornerstone is insolvent as alleged.

Here, Cornerstone has had ample time to retain its own counsel, and failed to do so in a timely manner. The Court cannot allow Cornerstone to appear without counsel because it would not otherwise be considered "present" for the case. Accordingly, this Court hereby confirms the appointment of L. Marcel Stewart to represent Cornerstone. Mr. Stewart is to be paid by Cornerstone at the prevailing CJA rate.

### B. CORNERSTONE IS REQUIRED TO PAY FOR ITS APPOINTED COUNSEL FEE, UNLESS IT IS LATER DETERMINED THAT THE CORPORATE VEIL HAS BEEN PIERCED

The Sixth Amendment and the Criminal Justice Act ("CJA") 28 U.S.C. § 3006A do not provide corporations with the right to appointed counsel at government expense, even if the corporation does not have sufficient assets to retain its own counsel. *Unimex*, 991 F.2d at 550. Courts in this District have interpreted *Unimex* to preclude CJA funds from being used to pay for counsel to represent corporations. *United States v. OHR, INC. et al*, 14cr1075-GPC; *United States v. Glamis Dunes Storage, Inc. et al*, 14cr1766-WQH; *United States v. Chan*, 2015 WL 545544 (corporations do not have a Sixth Amendment right to appointed counsel with expenditure of CJA Funds).

In both *Glamis* and *OHR*, the Court ordered that counsel be paid at the CJA rate from the assets of the corporation, unless it was later determined at trial before the District Court that the corporation was the alter ego of the individually named defendant(s). *OHR*, 14cr1075-GPC at 4; *Glamis*, 14cr1766-WQH at 4. If it is determined at trial that the corporation was the alter ego of a named defendant, the Court has the discretion to order the individual defendant(s) to pay for the attorney's fees and costs incurred in representing the corporation. *Id.* In addition, the Court has the authority to appoint an individually named defendant who is a corporate officer as the corporate representative, and to hold that individual personally responsible for ensuring that the corporation complies with court orders regarding payments of attorney's fees and expenses. *Id.*

Here, Cornerstone must pay for its appointed counsel, because CJA funds may not be used to pay for a corporations appointed counsel. Defendant Walsh is hereby appointed as the corporate representative to ensure that Cornerstone complies with this Order, and

that the corporation make timely payments to appointed counsel for all fees and costs associated with representing Cornerstone. If at any time during the criminal trial it is determined that Cornerstone's corporate veil has been pierced, then defendant Walsh may be legally obligated to pay Cornerstone's appointed counsel's fee. *See Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1111 (9th Cir. 1979).

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED**:

1. Attorney L. Marcel Stewart is confirmed as counsel of record to represent defendant Cornerstone. This Order is not made under the Criminal Justice Act. The fees and expenses of Mr. Stewart shall be paid, however, at the CJA rate of $129.00 per hour from the assets and properties of Cornerstone, unless the District Court later determines that the Corporation is he alter ego of defendant Robert Walsh. In that event, defendant Walsh will retroactively be personally liable for all costs and fees associated with the defense of Cornerstone in this litigation.

2. Robert Walsh, Owner and Operator of Cornerstone, is appointed as corporate representative for Cornerstone. In this capacity he is personally responsible for ensuring that Cornerstone complies with all Court Orders, including this Order regarding payment of attorney's fees and expenses. Failure to comply with these responsibilities will result in defendant Walsh being subject to criminal contempt.

3. To the extent that counsel has not yet submitted a fee bill for his services, he shall do so within thirty (30) days of this Order. Such invoice and any future invoices for legal fees and costs associated with the representation of Cornerstone shall be submitted to Robert Walsh as corporate representative for Cornerstone, which payment is to be made by Cornerstone within thirty (30) days of Mr. Stewart submits the Cornerstone invoice to defendant Walsh. Failure by Cornerstone to submit prompt payment to Mr. Stewart are to be promptly brought to the attention

//

of this Court for noncompliance and the possible imposition of penalties or sanctions.

**IT IS SO ORDERED**

DATED: February 24, 2017

Hon. Karen S. Crawford
U.S. Magistrate Judge
United States District Court